IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID MOSKOWITZ, | : |
| Petitioner, | : **Civil Action No. 22-884-CFC** |
| v. | : The Family Court of the State of Delaware<br>: in and for Sussex County<br>: File No. CS20-1349 |
| ALAINA GREENBERG, | : Petition No. 21-15124-CMOD |
| Respondent. | : |

David Moskowitz, Dewey Beach, Delaware. Pro Se Petitioner.

Alaina Greenberg, Teaneck, New Jersey. Pro Se Respondent.

**MEMORANDUM OPINION**

November *P* , 2022
Wilmington, Delaware

*[signature]*

**CONNOLLY, Chief Judge:**

Respondent Alaina Greenberg filed a notice of removal on June 30, 2022 of *Moskowitz v. Greenberg*, File No. CS20-01349 (Del. Family Ct.). (D.I. 1) Respondent appears *pro se*. Pending is Respondent's motion to quash state court action during removal. (D.I. 5) For the reasons discussed below, the Court will deny the motion and will *sua sponte* remand the matter to the Family Court of the State of Delaware in and for Sussex County for lack of subject matter jurisdiction.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a petition for modification of custody filed by Petitioner David Moskowitz on June 21, 2021, Petition No. 21-1524. (*See* D.I. 1-1 at 2-12; *Moskowitz v. Greenberg*, Case No. CS20-1349) Petitioner resides in the State of Delaware and Respondent resides in the State of New Jersey. (D.I. 1 at 20-22) Respondent removed this matter from the Delaware Family Court on June 30, 2022 and asserts jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 1443, 1446(b), and 2403. (*Id*. at 18) Respondent, who also refers to herself as Plaintiff, has combined the notice of removal with what appears to be a civil and criminal complaint or counterclaim against the State of Delaware; County of Sussex, Delaware; Judge Peter B. Jones; Moskowitz; and his attorney Judy M. Jones. (*Id.* at 1) Respondent alleges criminal conspiracy and criminal violations under 18 U.S.C. §§ 241 and 242, violations of the First, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, the Federal Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, False Claims Act, 31 U.S.C. § 3729, *et seq.*, violations of 42 U.S.C. §§ 1981, 1985, 1986, and 2000b-2, and state claims under Delaware law including the failure to initiate

1

criminal process under Delaware law, malicious prosecution, gross negligence, abuse of process, and threats of fall arrest and wrongful imprisonment. (*Id.* at 18, 19, 22, 40, 42)

Respondent seeks declaratory and injunctive relief and civil damages. (*Id.* at 44)

## II.  DISCUSSION

Respondent removed the child custody matter to this Court and has filed a complaint or counterclaim against Petitioner and various other individuals. Having reviewed the notice of removal and underlying documents the Court will *sua sponte* remand this action back to Family Court because this Court lacks subject matter jurisdiction. *Thomas v. BJ'S Wholesale Club, Inc.*, 2020 WL 1853036, at *2 (D.N.J. Apr. 13, 2020) ("Courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."); *Bank of New York Mellon for Certificate holders of CWALT, Inc., Alternative Loan Tr. 2006-0A10 Mortg. Pass-Through Certificates Series 2006-0A10 v. Mazza*, 743 F. App'x 504, 506 (3d Cir. 2018) (28 U.S.C. § 1447 "does not authorize a District Court to remand a matter *sua sponte* for any reason other than lack of subject-matter jurisdiction").

A defendant may remove a civil action to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Where subject matter jurisdiction is based on diversity jurisdiction, all plaintiffs must be of diverse citizenship from all defendants, and the amount in controversy must exceed $75.000. *See* 28 U.S.C. § 1332(a)*: Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

2

"[T]he Supreme Court has long recognized a domestic relations exception to federal diversity jurisdiction." *Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 693-94 (1992)). "The modern rule . . . provides that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Id.*; *Brown v. Brown*, 783 F. App'x 267 (3d Cir. 2019) (affirming dismissal with prejudice where plaintiff had "mistaken belief" that district court was "the next step in the appeals process for his child custody case" in state court), *cert. denied*, 141 S. Ct. 341 (2020); *Brookins v. Whatley*, 2017 WL 3710064, at *2 (D.N.J. Aug. 28, 2017) (Plaintiff's statement that "I only want and need my children back" functions "as a child-custody decree that is subject to the 'domestic relations' exception" over which this Court cannot exercise subject-matter jurisdiction.). To the extent that Respondent seeks to pursue a complaint and/or counterclaim, she "cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." *Thomas v. Martin-Gibbons*, 2021 WL 2065892, at *3 (2d Cir. May 24, 2021).

As evidenced by the exhibits attached to the Notice of Removal, Respondent clearly challenges an ongoing custody proceeding. (*See* D.I. 1, Exs. A-H) It is clear that Respondent seeks to have this Court intervene in a custody dispute involving a minor child. Thus, diversity jurisdiction is barred by the domestic relations exception. Should the outcome be unfavorable to Respondent there remains a state appeals process for her to pursue.

Respondent's emergency motion to quash state court action during removal fails. (D.I. 5) Respondent sought relief following entry of a Family Court order that awarded

3

temporary custody to Petitioner. (*Id.*) As just discussed, this Court lacks subject matter jurisdiction. Any relief sought by Respondent must be pursued in state court. Accordingly, the motion will be denied

## III.     CONCLUSION

For the reasons discussed above, the Court will: (1) deny Respondent's motion to quash state court action during removal (D.I. 5); and (2) remand this matter for lack of subject matter jurisdiction.

The Court will issue an Order consistent with this Memorandum Opinion.